IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS GIBSON,

    Petitioner,

v.                                                    Civil Action No. 5:15cv5
                                                    (Judge Stamp)

ANNE MARY CARTER,[1] Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On January 13, 2015, the *pro se* petitioner, an inmate presently incarcerated at FCI Morgantown in Morgantown, West Virginia filed a Habeas Corpus petition pursuant to 28 U.S.C. §2241, challenging the actions of a Disciplinary Hearing Officer ("DHO") at FCI Estill in Estill, South Carolina, who sanctioned him with the loss of good time credit and other privileges.

Petitioner paid the requisite five dollar filing fee at the time he filed his complaint. (Dkt.# 2). On January 14, 2015, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. (Dkt.# 4).

On February 11, 2015, the respondent filed a Motion for Leave to File Response Out of Time. On February 12, 2015, the respondent filed a Motion to Dismiss and Response to Order to Show Cause along with a supporting Memorandum of Law with several attached exhibits. (Dkt.# 8 and 9). By Order entered February 17, 2015, the respondent's motion to file out of time was

---

[1] As of January 25, 2015, Ann Mary Carter is no longer the Warden of FCI Morgantown. B. von Blanckensee is now the Warden of FCI Morgantown, thus, Blanckensee is the proper respondent in this action, and should be automatically substituted as the Respondent, pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure. See 28 U.S.C. §2241; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the only proper respondent for a petition filed pursuant to 28 U.S.C. §2241 is the petitioner's immediate custodian); Fed. R. Civ. P. 25(d).

granted; petitioner was specifically directed to file any response he might have to the respondent's response by March 3, 2015. As of this date, however, petitioner has not responded.

## II. Facts

Petitioner is currently serving an aggregated thirteen (13) year sentence for convictions of violating 21 U.S.C. §§846, 841(a)(l) and (B)(l)(A), "Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine" in the United States District Court for the Middle District of Florida on October 24, 2006.[2] He is 44 years old and is projected for release on November 17, 2017 via Good Conduct Time release.[3] Petitioner was designated to the FCI Estill on December 7, 2010.[4]

On October 4, 2012, petitioner received an incident report for violating the Bureau of Prison's ("BOP") Discipline Code 224, "Assaulting Any Person."[5] This report followed a Special Investigative Services ("SIS") investigation that concluded on August 13, 2012, finding that on May 17, 2012, petitioner assaulted another inmate in the F Unit of the Camp near bunk 313. Id. In the report, petitioner was advised that he had the right to remain silent at all stages of the disciplinary process.[6] Id. After being so advised, petitioner stated that he was not guilty and that "did not touch that man."

On October 10, 2012, petitioner appeared before the Unit Disciplinary Committee ("UDC") for the charge to be heard. Id. The UDC concluded that petitioner had committed the

---

[2] See January 21, 2015 SENTRY computerized Public Information Inmate Data for Marcus Gibson, Fed. Reg. No. 52547-019. Dkt.# 9-2 at 3.

[3] BOP online inmate locator. See http://www.bop.gov/inmateloc/

[4] See January 21, 2015 SENTRY computerized Inmate History for Marcus Gibson, Fed. Reg. No. 52547-019. Dkt.# 9-3 at 2.

[5] See January 21, 2015 Incident Report No. 2338646. Dkt.# 9-4.

[6] Dkt.# 4 at 2.

2

prohibited offense and that sanctions greater than those available to the UDC should be imposed. Accordingly, it referred the charge to the DHO for review. Id. That same day, petitioner was given notice that he was to proceed to hearing before the DHO.[7] The Notice stated the charge he faced and indicated that his hearing time would be scheduled soon. On this form, petitioner indicated that he wished to have his Case Manager L. King represent him at the hearing. Id. Case Manager King was advised of his duties and responsibilities and indicated his willingness to so serve.[8] Further, petitioner indicated that he wished to have three (3) witnesses[9] testify on his behalf at hearing.[10] Petitioner read and acknowledged the notice regarding his rights at the DHO hearing.[11]

On November 1, 2012, at the conclusion of the hearing, the DHO found petitioner guilty of committing the prohibited Code 224 offense of "Assaulting Any Person."[12] The DHO imposed the following sanctions: thirty (30) day Disciplinary Segregation; disallowance of twenty-seven (27) days of Good Conduct Time; forfeiture of twenty-seven (27) days of Non-Vested Good Conduct Time; and a loss of six (6) months of phone privileges. Id. Petitioner received a copy of the DHO report and list of sanctions on December 23, 2012.[13]

Following the DHO's findings, Petitioner filed appeals to each level of the BOP's Administrative Remedy Process. The BOP denied Petitioner's appeals at each level. Therefore,

---

[7] See October 10, 2012 Notice of Discipline Hearing Before the DHO signed by Marcus Gibson, Fed. Reg. No. 52547-019. Dkt.# 9-5.

[8] See Duties of Staff Representative, signed by L. King on October 10, 2012. Dkt.# 9-6.

[9] Petitioner subsequently waived one of the witnesses. See Dkt.# 9-8 at 2.

[10] Dkt.# 9-5.

[11] See October 10, 2012 Inmate Rights at Discipline Hearing for Marcus Gibson, Fed. Reg. No. 52547-019. Dkt.# 9-7.

[12] See December 20, 2012 Discipline Hearing Officer Report for Incident Report No. 2338646. Dkt.# 9-8 at 1 – 3.

[13] Dkt.# 9-8 at 3.

3

petitioner has exhausted his administrative remedies and may challenge the violation in federal court.

### III. Contentions of the Parties

**A. The Petition**

In the §2241 petition, petitioner asserts that the court should declare the DHO proceedings unconstitutional because his due process rights were violated when the DHO used information provided by a confidential informant ("CI"), despite the DHO report's indication that no confidential information was used in arriving at its finding. Petitioner argues that his rights were further violated when neither he nor his staff representative were permitted to ask the CI questions to test the CI's credibility.

As relief, petitioner seeks to have the DHO decision overturned; the disciplinary violation expunged from his institutional record; and his 27 days of good conduct time be restored.

**B. The Response**

The government asserts that petitioner's claim should be denied. The government contends that the petitioner was afforded all requisite due process rights throughout the disciplinary process; his claims regarding the CI are without merit; and that the DHO relied upon adequate evidence when finding the petitioner guilty of the prison violation.

### IV. Standards of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair

doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 1986).

## V. <u>Analysis</u>

### A. <u>Petitioner's Due Process Rights were not violated.</u>

The Supreme Court has identified due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if the inmate is illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; (5) the decision-maker must be impartial. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-571 (1974).

First, the petitioner was given written notice of the hearing on October 10, 2012; therefore, he received adequate notice of the hearing because it was not conducted until November 1, 2012. Second, the DHO provided the petitioner with a written report describing the evidence used in finding he violated the prison rule. Third, the petitioner called witnesses who provided written statements to be used as evidence at the disciplinary hearing. Fourth, the petitioner chose to have a staff member represent him at the disciplinary hearing, and the petitioner met with the staff representative before the hearing to discuss his case, and his

representative contacted petitioner's witnesses and obtained their statements. Finally, the petitioner does not allege and no evidence shows that the decision-maker was not impartial.

Although the petitioner alleges that the DHO used confidential information to support the finding of guilt despite indicating otherwise in his report, the DHO in his case clearly stated that confidential information was used.[14]

Here, the CI advised SIS that he had observed petitioner striking the other inmate in the head and torso area, noting that the other inmate did not attempt to defend himself from petitioner's attack.[15] However, the CI's evidence was in no way the only evidence that was relied upon.

The BOP provided the petitioner with adequate procedural due process pursuant to Wolf. See also McKinnon v. Caraway, 2010 WL 3123264 at **3-4 (procedural due process requirements satisfied where inmate "received advanced written notice of the DHO hearing" and DHO "did not prepare the disciplinary report, investigate the infraction, or testify as a witness").

**B. The evidence used by the DHO was adequate to find the petitioner violated the prison rule because due process merely requires "some evidence" supporting the DHO's conclusion when revoking good time credit.**

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. Id.

In Hill, a prison disciplinary board determined that three inmates violated prison rules by

---

[14] Petitioner's apparent confusion regarding this point is understandable; §III(E) of the report provides a "fill in the blank" space for either scenario, in which it is apparently pre-printed that "[c]onfidential information was used . . ." or "[n]o confidential information was used . . ." Both options were left blank. However, in §V immediately below, detailed information regarding the CI's testimony is provided. See Dkt.# 9-8 at 2.

[15] Dkt.# 9-8 at 2, §V.

8

assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." Hill, 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Hill, 472 U.S. at 457.

When a BOP disciplinary decision is based on CI information, the UDC or DHO is required to document, usually in the hearing report, their finding as to the reliability of each CI and the factual basis for that finding. If the report would reveal the CI's identity, the finding as to reliability is part of a separate report prepared by the officer, not made available to the inmate.[16] Further, the reliability of a CI must be established before the information may be used to support a finding. Id.

In the instant case, the DHO explained that he relied not only upon the CI's statement, but also upon the statement of the other inmate, who stated that petitioner punched him in the mouth, causing injury to his lip and sending him to the ground; while on the ground, the inmate held his arms and hands over his face to protect himself while petitioner continued to strike him. The inmate was assessed by Health Services staff for a split lip, injuries consistent with being assaulted, and reported to medical staff that he had been assaulted by another inmate. Petitioner was also assessed by medical staff and was found to have no injuries. Further, the DHO relied on the statements of the reporting Lieutenants, the Injury Assessments of the other inmate, and

---

[16] See BOP Program Statement 5270.09, "Inmate Discipline Program," at 32.

photographic documentation.[17] Therefore, it is apparent that the DHO relied upon "some evidence" in concluding that the petitioner violated the prison rule and revoking the petitioner's good conduct time.[18]

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Dkt.# 8) be **GRANTED** and the petitioner's §2241 petition be **DENIED and DISMISSED with prejudice.**

**Within fourteen days** after being served with a copy of this Recommendation, **or by July 21, 2015**, any party may file written objections with the Clerk of the Court, identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to substitute B. von Blanckensee for Anne Mary Carter as the respondent in this action and to correct the docket to reflect the same.

The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report

---

[17] Dkt.# 9-8 at 2, §V.

[18] The DHO found that the statements of petitioner's two witnesses were merely hearsay. See Dkt.# 9-8 at 4.

and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 7, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE