IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS GIBSON,

       Petitioner,

v.                                Civil Action No. 5:15CV5
                                          (STAMP)
B. von BLANCKENSEE,[1]

       Respondent.

**MEMORANDUM OPINION AND ORDER
DECLINING TO ADOPT THE REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE BECAUSE ISSUES ARE MOOT,
OVERRULING THE PETITIONER'S OBJECTIONS,
DENYING AS MOOT THE PETITIONER'S MOTION FOR THE
ENTRY OF DEFAULT JUDGMENT AND FOR SUMMARY JUDGMENT
AND DISMISSING CIVIL ACTION WITH PREJUDICE**

I.  Background

The pro se[2] petitioner, a federal inmate, filed a habeas petition under 28 U.S.C. § 2241 ("§ 2241"). He is currently serving a 13-year sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(B)(1)(A). He is scheduled to be released in November 2017 for good conduct time release.

---

[1] When the petitioner originally filed his petition, he listed the respondent as "Anne Mary Carter," who was the Warden where the petitioner is incarcerated. Since then, the Warden is now B. von Blanckensee. Accordingly, the caption of this civil action is changed to reflect that development.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The petitioner allegedly violated the Bureau of Prisons' ("BOP") Discipline Code 224 for assaulting another inmate. The Unit Disciplinary Committee conducted a hearing with the petitioner present, where the Committee concluded that the petitioner assaulted the inmate. Following that hearing, the Committee referred his case to the Disciplinary Hearing Office ("DHO"), which scheduled another hearing about the petitioner's violation. At the conclusion of the hearing, the DHO found the petitioner guilty of assaulting another inmate. Therefore, the DHO imposed the following sanctions: (1) 30-day disciplinary segregation; (2) disallowance of 27 days of good conduct time; (3) forfeiture of 27 days of non-vested good conduct time; and (4) the loss of six months phone privileges. The petitioner then exhausted his administrative remedies by appealing at every level of the BOP, without success.

In his § 2241 petition at issue, the petitioner contends that the DHO proceedings violated his due process rights. In particular, he believes that the DHO used information from confidential informants, and that he was not allowed to question the informants during the proceedings. Because of that, the petitioner requests that the DHO's sanctions be overturned, the disciplinary violation be expunged from his prison record, and that this Court restore his 27 days of good conduct time.

United States Magistrate Judge James E. Seibert then entered a report and recommendation, wherein he recommended that the petitioner's claim be dismissed with prejudice. Regarding the petitioner's due process claims, the magistrate judge found that the DHO complied with the due process requirements for an inmate disciplinary action, pursuant to Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). Further, Magistrate Judge Seibert found that the DHO's evidence was adequate to find that the petitioner violated BOP Discipline Code 224. Therefore, the DHO's sanctions were supported by sufficient evidence.

The petitioner filed objections to the magistrate judge's report and recommendation. ECF No. 14. In his objections, the petitioner cited the BOP's Program Statement 5270.09. That Program Statement states that "[W]hen a discipline decision is based on confidential informant information, the . . . DHO must document . . . their finding as to the reliability of each confidential informant and the factual basis for that finding." The petitioner asserted that at his DHO hearing, the respondent relied upon information provided by a confidential informant. Moreover, the petitioner claimed that the respondent did not establish the reliability of the confidential informant, which allegedly violated that Program Statement. This Court then entered an order directing the respondent to provide a response that would address whether the respondent relied on information from a confidential informant, or

3

if the respondent did so, whether the respondent established the reliability of that informant. ECF No. 15. The petitioner also filed a motion for an entry of default judgment and for summary judgment. ECF No. 20. In that motion, the petitioner argues that the respondent has untimely responded to his objections, and that the respondent has attempted to "cover-up" his mistakes in the previous hearing. Therefore, the petitioner seeks an entry of default judgment and for summary judgment in his favor.

The respondent filed a response to the petitioner's objections. ECF No. 21. In that response, the respondent points out that the petitioner's case has been remanded for a new hearing. Because the petitioner's case has been remanded, the respondent contends that the petition should be dismissed as moot.

For the reasons set forth below, this Court (1) declines to adopt the report and recommendation of the magistrate judge; (2) denies as moot the respondent's motion to dismiss and petitioner's motion for an entry of default judgment and for summary judgment; (3) overrules the petitioner's objections; and (4) dismisses this action with prejudice.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed

4

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

As the respondent correctly points out, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Moreover, "Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Liner v. Jafco, Inc., 375 U.S. 301 n.3 (1964)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

The petitioner challenges the procedures used at his DHO hearing. In particular, he contends that the confidential informant's reliability remained undetermined. Further, he argues that he was not permitted to question the confidential informant. Based on those claims, the petitioner believes that his due process rights were violated.

After reviewing the record, however, it appears that the petitioner's claim is moot. More specifically, the respondent states that the petitioner's case has been remanded for a new hearing, and that the rehearing "will restore Petitioner to a situation as if the current sanctions are expunged because the

5

original finding of guilt for the prohibited act . . . no longer stands." ECF No. 21.  Therefore, the relief sought by the petitioner, which is that the consequences of the DHO hearing be overturned, is essentially granted.  See, e.g., Sloley v. O'Brien, 2008 WL 2852023 (W.D. Va. July 22, 2008).  As stated by one court, when prison officials "set aside the disciplinary conviction and order[] a new hearing, [t]hat moots any constitutional violations that may have occurred in the first disciplinary hearing." Craft v. Jones, 2011 WL 5509876, at *1 (W.D. Okla. Nov. 10, 2011) (internal quotations and citations omitted).  Therefore, the petitioner's claims regarding the initial hearing have been rendered moot.

## IV. Conclusion

For the reasons stated above, this Court DECLINES TO ADOPT the report and recommendation (ECF No. 12) of the magistrate judge. The respondent's motion to dismiss (ECF No. 8) is DENIED AS MOOT and the petitioner's motion for an entry of default judgment and for summary judgment (ECF No. 20) is DENIED AS MOOT.  Furthermore, petitioner's petition (ECF No. 1) is DISMISSED and the objections of the petitioner (ECF No. 14) are OVERRULED.  It is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal this order of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    September 24, 2015

    /s/ Frederick P. Stamp, Jr.
    FREDERICK P. STAMP, JR.
    UNITED STATES DISTRICT JUDGE